# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1256

_____

United States of America,

*Plaintiff - Appellee,*

v.

Adrean Newson,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: January 14, 2019
Filed: May 23, 2019

_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

After serving a term of imprisonment for counterfeiting, Adrean Newson began a three-year term of supervised release. Newson later admitted to violating conditions of that release. The district court[1] sentenced him to a new term of 10 months'

_____

[1]The Honorable Laurie Smith Camp, then Chief Judge, United States District Court for the District of Nebraska.

imprisonment followed by 24 months of supervised release. Newson appeals the new term of supervised release, and we affirm.

Newson pleaded guilty in 2015 to possession of counterfeit currency. *See* 18 U.S.C. § 472. The district court sentenced him to 30 months' imprisonment followed by three years of supervised release. Newson was released from prison and began his term of supervised release in June 2017.

Within a month, the probation office filed a petition for revocation, alleging that Newson violated conditions of release. A second amended petition alleged that Newson had committed a new criminal offense by possessing counterfeit currency, failed to report to the probation office as directed, used marijuana, committed another offense by driving with a revoked license, and failed to comply with the rules of the halfway house where he was assigned to reside. The court scheduled a hearing, and Newson moved for release from custody to receive outpatient treatment for substance abuse.

At the hearing, Newson admitted to committing new offenses by possessing counterfeit currency and driving without a license, and he acknowledged violating the rules of the assigned halfway house. The district court found that Newson violated his conditions of release and dismissed the remaining allegations on the government's motion. Newson's advisory sentencing guideline range for the revocation was 7-13 months' imprisonment. The probation office recommended a sentence of 10 months' imprisonment with no term of supervised release, and Newson's counsel asked the court to adopt that recommendation.

When Newson exercised his right of allocution, however, he effectively requested an additional term of supervised release:

THE DEFENDANT: Your Honor, me personally, I know myself more than anybody else. *I don't want to be set free just like that. . . .* I need a path that I have to go—if I go this way, it will push me that way. If I go this way, it will push me back that way.

I have to do what's right, with all my might, even through the night. It's so deep. I cannot—*I don't want to be set free. I do not want to be set free on the streets without probation. . . .*

. . . .

. . . I need to walk a straight line. It starts here (indicating), starts in my heart. My mind and my heart shall never part. This is where I want to stay. I don't want to go nowhere else. I want to walk this lane that I've given. . . .

*I don't want to be set free.* I don't want to do that. . . .

So now, with the things that's on my hand that I see, *I think it's best that I do not be set free, just free, even in ten months. . . .*

In light of Newson's statement, the government did not oppose a term of supervised release after imprisonment. The district court thought it would be "unusual" to forego supervised release "when a defendant specifically expresses his desire for supervision following incarceration and tells the Court and everyone else here that he believes he needs that supervision to help him get on track." The court then sentenced Newson to 10 months' imprisonment followed by 24 months of supervised release.

On appeal, Newson argues that the district court abused its discretion in sentencing him to the term of supervised release. He contends that the court incorrectly weighed the relevant sentencing factors and placed too much emphasis on his statement at the hearing.

We conclude that there was no abuse of discretion, as the court did not fail to consider a weighty factor, give significant weight to an improper factor, or commit a clear error of judgment. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Newson insists that his background and "history of noncompliance" rendered him unfit for supervised release. But incorrigibility on supervision is not an automatic ticket to avoid future supervised release. It was not unreasonable for the court to view Newson's previous noncompliance as a reason why immediate release to the community was inadvisable. That judgment was bolstered by Newson's own statement that he did "not want to be set free on the streets without probation." Newson argues that his allocution addressed a separate proposal for outpatient drug treatment, not the prospect of supervised release, but Newson's request that he "not be set free, just free, even in ten months" plainly spoke to his eventual transition from prison to the community. Managing the risk of recidivism is a legitimate concern for a sentencing judge, and it was proper for the court to consider Newson's own reservations about immediate release to the community when fashioning the revocation sentence.

The judgment of the district court is affirmed.

_____